UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | CASE NO. CR16-226RSM |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| VALENTIN BUTOV, | |
| Defendant. | |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Valentin Butov's Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #35. Defendant requests that the Court reduce his sentence due to the global COVID-19 pandemic and the risks it poses to him as a result of his underlying medical conditions. Plaintiff United States of America ("the Government") opposes Defendant's motion. Dkt. #43. The Court finds oral argument unnecessary to rule on this motion. LCrR 12(b)(12). Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court DENIES Mr. Butov's motion for compassionate release.

//

//

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

## II.    BACKGROUND

Mr. Butov is a 32-year-old inmate confined at the Federal Correctional Institute in Sheridan, Oregon ("FCI Sheridan").  On August 15, 2014, Mr. Butov was sentenced in Washington state court to a 19-month term of imprisonment followed by a 19-month term of community custody supervision.  Dkt. #23 at 3.  After he was released from state custody in December 2015, Mr. Butov failed to report to his assigned corrections officer for supervision intake purposes.  Dkt. #23 at 3.  In response, Washington State Department of Corrections issued a felony escape warrant. *Id.* at 4.  On January 5, 2016, a local police task force in Seattle located Mr. Butov at the Southcenter Mall in Tukwila, Washington and arrested him.  In accordance with the conditions of his community custody supervision, the police searched his vehicle and found a sandwich bag and a jar containing heroin, a Smith & Wesson semi-automatic pistol, eight rounds of ammunition, and 140 grams of methamphetamine packaged for distribution inside a locked safe.

On September 27, 2016, Defendant pleaded guilty to one count of felon in possession of firearm, 18 U.S.C. § 922(g)(1); one count of possession of methamphetamine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B); and one count of possession of firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).  Dkt. #16.  On March 17, 2017, the Court sentenced Mr. Butov to 72 months in custody and 36 months of supervised release.  Dkt. #29.  Defendant's projected release date is March 18, 2022.

Over the past months, public understanding of the COVID-19 virus and its corresponding risks to inmates and staff at Bureau of Prison ("BOP") facilities has continued to expand.  The U.S. Centers for Disease Control and Prevention ("CDC") has advised that certain populations are at heightened risk of severe complications and/or death if they contract COVID-19.  *See* U.S. Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019-COVID*, *People with Certain*

*Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Sept. 11, 2020) ("CDC Guidelines").[1]  This includes individuals over the age of 65, those in nursing homes or long-term care facilities, and those with "certain underlying medical conditions." *Id.*  Particularly concerning are chronic lung diseases such as chronic obstructive pulmonary disease, serious heart conditions, obesity, Type 2 diabetes, chronic kidney disease, cancer, sickle cell disease, and weakened immune system due to a solid organ transplant.[2]  The CDC revised its guidance on July 17, 2020 to reflect that certain underlying conditions such as moderate-to-severe asthma and high blood pressure "*might* increase risk to better reflect the quality of available data currently." *Id.* (emphasis in original).

In response to public health officials' warnings about the spread of COVID-19 and the risk of severe complications in certain populations, the U.S. Attorney General has issued guidance to the Director of the BOP recommending a reduction in prison populations.  *Memorandum from the Attorney General to the Director of Bureau Prisons*, (March 26, 2020), https://www.justice.gov/file/1262731/download.  The Attorney General advises that the reduction should be accomplished by transferring non-violent, vulnerable, and elderly inmates posing a minimal likelihood of recidivism to home confinement.  *Id.*  At FCI Sheridan, there are currently 19 inmates with pending tests, 8 inmates with positive tests, and 5 inmates designated as "recovered."  *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited October 6, 2020).

---

[1] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

[2] The CDC also identifies other conditions causing a weakened immune system that *may* increase one's risk for severe illness, including blood or bone marrow transplant, HIV, use of corticosteroids, or use of other immune weakening medicines.  CDC Guidelines, *supra*.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

1    On May 13, 2020, Defendant submitted an administrative request for release due to

2    COVID-19.   Dkt. #35-1.   Defendant did not receive a response and filed a Motion for

3    Compassionate Release with this Court on September 16, 2020.  Dkt. #35 at 5.

### III.    DISCUSSION

**A.  Legal Standard**

6    Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of

7    imprisonment "constitutes a final judgment and may not be modified by a district court except in

8    limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations

9    omitted).  Those limited circumstances are governed by 18 U.S.C. § 3582(c).  Previously, district

10   courts could "reduce the term of imprisonment" only "upon motion of the Director of the Bureau

11   of Prisons."  However, amendments contained in the First Step Act of 2018, effective on December

12   21, 2018, further allowed district courts to act  "upon motion of the defendant after the defendant

13   has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

14   motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

15   warden of the defendant's facility, whichever is earlier, . . . ."  18 U.S.C. § 3582(c)(1)(A).  Since

16   more than thirty days has lapsed since his administrative request, parties agree that Mr. Butov has

17   satisfied his administrative remedies.  *See* Dkt. #43 at 6.

18   No matter how the issue comes before the Court, the Court must find that "extraordinary

19   and compelling reasons warrant" a sentence reduction and that a "reduction is consistent with

20   applicable policy statements issued by the Sentencing Commission." *Id.*[3]   The Sentencing

21

---

22   [3] A reduction may also be permitted because of the defendant's old age, provided "that the defendant is
not a danger to the safety of any other person or the community" and that the "reduction is consistent with
23   applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(ii).
Defendant does not seek relief on this basis.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4

Commission's policy statements specify that a sentence should be reduced only where a district

court concludes, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that

"[e]xtraordinary and compelling reasons warrant the reduction," and that "[t]he defendant is not a

danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

United States Sentencing Guidelines ("USSG") § 1B1.13.  Given that Mr. Butov is 32 years old,

only sections (1)(A), (2), and (3) of the Sentencing Commission's policy statement are relevant to

his motion.  Thus, under the policy statement, Mr. Butov is entitled to relief if he demonstrates

that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger

to the safety of others or the community, and (3) any requested reduction is consistent with the

policy statement.  *See* USSG § 1B1.13(1)(A), (2), (3).

The Sentencing Commission provides further guidance on circumstances that may support

a finding of "extraordinary and compelling reasons." In relevant part, the guidance states:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious
> and advanced illness with an end of life trajectory). A specific
> prognosis of life expectancy (i.e., a probability of death within a
> specific time period) is not required. Examples include metastatic
> solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage
> organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of
> the aging process, that substantially diminishes the ability of the
> defendant to provide self-care within the environment of a
> correctional facility and from which he or she is not expected to
> recover.
> . . .
>
> (D) Other Reasons. As determined by the Director of the Bureau of
> Prisons, there exists in the defendant's case an extraordinary and

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 5

1

2

compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C).

USSG § 1B1.13 cmt. n.1(A).[4]

Because USSG § 1B1.13 has not been updated since the passage of the First Step Act, district courts nationwide are split on the issue of whether the Commission's list of "extraordinary and compelling reasons" is exclusive and binding on courts. *See, e.g.*, *United States v. Rodriguez*, No. 17-cr-00021-WHO-1, 2019 WL 6311388, at *7 (N.D. Cal. Nov. 25, 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts can determine whether any extraordinary and compelling reasons other than those delineated in USSG § 1B1.13 cmt. n.1(A)-(C) warrant compassionate release.") (internal quotation marks omitted)).  Consistent with the reasoning in *Rodriguez*, several courts in this district have concluded that "the comments to USSG § 1B1.13 do not constrain the Court in evaluating whether the grounds for release articulated by defendant are 'extraordinary and compelling,' but they do provide helpful guidance." *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, at *1 (W.D. Wash. July 2, 2020); *see also United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, *4 (W.D. Wash. June 11, 2020) ("[T]his Court agrees with the position taken by numerous courts that the 'old policy statement provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reason' warrant a sentence reduction under § 3852(c)(1)(A).");* and *United States v. Grubbs*, No. CR 16-228TSZ, 2020 WL 3839619, at *1 & *2 n.2 (W.D. Wash. July 8, 2020).  The

---

[4] The application note also provides that a finding of "extraordinary and compelling reasons" may be premised on the age of the defendant or the family circumstances of the defendant. USSG 1B1.13 cmt. n.1(B)–(C).

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 6

Court reaches the same conclusion here that the comments to USSG § 1B1.13 are not exclusive, but nevertheless provide useful guidance.

Defendant bears the burden of establishing that extraordinary and compelling reasons exist that justify compassionate release. *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020). Over the past several months, faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19. *Powers*, 2020 WL 3605748, at *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

**B. Extraordinary and Compelling Circumstances**

Mr. Butov is 32 years old with a BMI over 30 and a history of asthma. He argues that the heightened risk he faces from COVID-19 as a result of these medical conditions, exacerbated by smoke from wildfires, the impact of stress, anxiety, and chronic pain from his 2013 motorcycle

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 7

1    accident, and general conditions at FCI Sheridan, constitute extraordinary and compelling

2    circumstances that warrant compassionate release.  Dkt. #35 at 5-16.  The Government opposes

3    Defendant's request on the basis that of his medical conditions, only obesity is recognized as a risk

4    factor for serious illness from COVID-19.  Dkt. #43 at 6-11.  Parties also dispute the relevance of

5    Mr. Butov's year-and-two-month's detention at the Federal Detention Center in SeaTac, which the

6    Court will address herein.  Having considered these factors, the Court concludes that Mr. Butov

7    has failed to demonstrate extraordinary and compelling circumstances warranting the reduction.

8                    i.   Health Conditions

9         Mr. Butov argues that his BMI of 30.6 qualifies him as obese under the relevant CDC

10   standards and therefore places him at risk of severe illness if he contracts COVID-19.  Dkt. #35 at

11   5-7.  The CDC has recognized that obese individuals, defined as those with BMIs greater than 30,

12   are at higher risk of severe illness from COVID-19.  *See* CDC Guidelines, *supra*.   While the

13   Government points out that weight is a factor that "to a certain degree, is within Butov's control,"

14   this Court has acknowledged that expecting a defendant to lose sufficient weight to reduce his BMI

15   to "healthy" is impractical.  *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at

16   *2 (W.D. Wash. Sept. 28, 2020) ("[E]xpecting Gray to lose 50 pounds to reduce her BMI to normal

17   or healthy levels . . . to recover from the medical condition of obesity is an unrealistic expectation

18   at this time."  Nevertheless, this Court has recognized that for individuals with BMIs barely within

19   the range of obese, "[t]he CDC only lists a BMI of over 30 as a condition which comes with an

20   increased risk of severe illness; the CDC does not mention whether having an overweight BMI,

21   i.e., a BMI between 25 and 29.9, is a condition that creates or might create an increased risk of

22   severe illness."  *Id.*  As in *Gray*, the Court concludes here that given Mr. Butov's age and weight,

23   he may "feasibly recover from this medical condition and eliminate the immediate risk of severe

complications from COVID-19." *Id.* (Declining to find "extraordinary and compelling reasons" for release where inmate's medical records reflected BMI of 30.4 in 2017 and 32.1 in 2019). Accordingly, the Court declines to find an extraordinary and compelling circumstance for release based on Mr. Butov's BMI.

Mr. Butov also suffers from asthma. *See* Dkt. #35-2 at 1-6; Dkt. #35-4. The Government argues that Mr. Butov's asthma diagnosis does not support his argument for "extraordinary and compelling circumstances" given the less definitive correlation between severe illness from COVID-19 and asthma. Dkt. #43 at 8 ("The CDC has indicated that moderate to severe asthma is a medical condition that *might* place an individual at increased risk") (emphasis in original). The Court agrees that on this record, Defendant has failed to show that his condition amounts to an "extraordinary and compelling" reason for release. The CDC specifies that "*moderate-to-severe asthma* may increase your risk for severe illness from COVID-19." CDC Guidelines, *supra* (emphasis added). While Defendant presents evidence that he was diagnosed with asthma in 2016 and prescribed an Albuterol rescue inhaler in May of that year, *see* Dkt. #35 at 118, he does not present evidence or argument that his condition is "moderate to severe." According to BOP's clinical practice guidelines, individuals suffering from "moderate persistent" to "severe persistent" asthma conditions exhibit, at a minimum, daily symptoms, nighttime awakenings, limitations or interference with normal activity, and varying degrees of lung functionality. *See* BOP Clinical Practice Guidelines, *Management of Asthma*, https://www.bop.gov/resources/pdfs/asthma.pdf (last visited October 6, 2020).[5] Although his medical records reflect that he was prescribed a daily

---

[5] The Court takes judicial notice of the BOP's clinical practice guidelines pursuant to Fed. R. Evid. R. 201. These guidelines were referenced in *United States v. Miles*, No. 2:17-CR-00127-KJM, 2020 WL 3256923, at *3 (E.D. Cal. June 16, 2020) and *Woolem v. United States*, No. CR 13-00471 SOM, 2020 WL 2820140, at *5 (D. Haw. May 29, 2020).

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 9

steroid inhaler, Mometasone Furoate, on May 29, 2020, *see* Dkt. #37 at 118, Defendant states that he has chosen to stop his daily inhaler "in favor of trying to preserve his immune system."  Dkt. #35 at 10.  Defendant argues that current efforts to manage his asthma through his Albuterol inhaler and exercise are "inadequate," but provides no evidence of his current condition.  *See Miles*, 2020 WL 3256923, at *3 ("[D]efendant provides no explanation as to how his condition is responding to any treatment he may have received, a factor relevant to his allegations of heightened risk."); *see also Woolem*, 2020 WL 2820140, at *5 ("[T]he court does need to consider how well even moderate or severe asthma is or is not being controlled by medication or other treatment, as well as any effect the treatment might have on complications arising from COVID-19.").  Accordingly, based on this record, the Court cannot conclude that the severity of Mr. Butov's asthma condition amounts to an "extraordinary and compelling" circumstance, either alone or in combination with his BMI of 30.6.[6]

Finally, Mr. Butov argues that the effects of stress, anxiety, and chronic pain reduce his immune function and further expose him to heightened risk of severe illness from COVID-19.  Dkt. #35 at 10.  Although the CDC identifies various conditions and treatments that may compromise one's immune system therefore increase susceptibility to COVID-19, it does not reference any of the factors cited by Mr. Butov.  *See* CDC Guidelines, *supra* (citing immunocompromised state due to organ, blood, or bone marrow transplants, HIV, use of corticosteroids, or use of other immune weakening medicines).  Defendant also cites to an expert affidavit from *United States v. Kellogg*, No. 1:12-cr-00383-CAP-1 (N.D. Ga. July 8, 2020), wherein a district court granted compassionate release to a man suffering from asthma and a panic

---

[6] Defendant also appears to argue that the prospect of lung damage from COVID-19, even if Mr. Butov contracts the virus and is asymptomatic, comprises "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). *See* Dkt. #35 at 14-16.  He provides no legal support for this proposition and the Court is not aware of any.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 10

1    disorder. *See* Dkt. #35-1 at 12.  While Defendant argues that his environment of "chronic stress"

2    due to the COVID-19 pandemic and the Oregon wildfires is comparable to Mr. Kellogg's panic

3    disorder, *see* Dkt. #35 at 11, he provides no support for this argument.

4        For these reasons, the Court finds that on the current record, it cannot conclude that Mr.

5    Butov's medical conditions constitute extraordinary and compelling circumstances for

6    compassionate release.

7                    ii.   Wildfire Smoke

8        In addition to his medical conditions, Defendant argues that smoke from the West Coast

9    wildfires has impacted air quality and caused him to experience difficulty breathing and

10   temporarily stop exercising while he remained inside.  Dkt. #35 at 13.  The Government responds

11   that this argument has little merit, given that air quality at Sheridan is now "good."  Dkt. #43 at 4.

12   The Court agrees.  Defendant concedes on reply that "the smoke has dissipated" but insists that

13   this fact "does not negate this concern, or return Mr. Butov's lungs to their prior condition."  Dkt.

14   #46 at 5.  Defendant claims that he suffered "lengthy exposure to air laden with 'hazardous' levels

15   of PM2.5 particles," thereby elevating his risk of severe illness from COVID-19.  *Id.* at 6.

16   Although he cites to articles detailing the general harms of wildfire smoke along the West Coast

17   and describes symptoms relayed in a call with counsel, *see id.* at 5-6, Dkt. #35 at 13, he provides

18   no evidence of his condition following the wildfires to substantiate an increased risk of severe

19   illness from COVID-19.  The Court finds that on the current record, Defendant's generalized and

20   conclusory arguments are insufficient to demonstrate extraordinary and compelling circumstances.

21                   iii.   Conditions at FCI Sheridan

22       Defendant also argues that the conditions at FCI Sheridan, including challenges to BOP's

23   medical staffing, the phenomenon of "COVID-fatigue" resulting in relaxed precautions, and lack

of adequate testing, comprise additional risk factors warranting Mr. Butov's compassionate release. Dkt. #35 at 16-24. Courts have consistently rejected such generalized arguments as a basis for compassionate release. *See Riley*, 2020 WL 1819838, at *7 (Concluding that "extraordinary and compelling" circumstances are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists."); *see also United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[W]hile the Court does not discount the dangers associated with COVID-19 at a facility like Terminal Island, general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."). The Court likewise does not find Defendant's generalized argument persuasive here.

### iv. Pre-sentence Time in Custody

Finally, Defendant argues that the Court should consider that Mr. Butov spent a year-and-two-months in custody, for which he did not receive credit. Dkt. #35 at 4. Defense counsel previously raised this issue in its March 13, 2017 sentencing memorandum and again at sentencing. *See* Dkts. #25 at 4; #33 at 10:11-23. Furthermore, the Court took this issue into account when it sentenced Mr. Butov. *See id.* at 17:16-18. Defendant provides no explanation for how this issue comprises "extraordinary and compelling reasons" for release under 18 U.S.C. § 3582(c) and offers no basis for the Court to reconsider this issue on a motion for compassionate release.

For these reasons, the Court finds that Defendant has failed to demonstrate extraordinary and compelling circumstances warranting compassionate release.

### C. Dangerousness under 18 U.S.C. § 3553 Factors

The Court finds denial of compassionate release appropriate on the separate and independent basis that Mr. Butov has failed to demonstrate that he poses no danger to others or to

the community if released.  *See* 18 U.S.C. § 3553(a); USSG § 1B1.13(2).  In making this determination, a court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.  *See* 18 U.S.C. § 3142(g).

Here, Mr. Butov's criminal record reflects persistent violations of his release conditions and attempts to evade law enforcement that have endangered Mr. Butov, the officers pursuing him, and the general public.  Mr. Butov was charged with the underlying offense after he failed to report to his community corrections officer and the Washington Department of Corrections issued a felony escape warrant.  *See* Dkt. #23 at 3.  Prior to his January 5, 2016 arrest, Mr. Butov evaded arrest on December 31, 2015 in an incident that resulted in a third-degree assault charge.  *See id.* at 10 (describing Mr. Butov "ramming" a patrol vehicle and initiating a high-speed pursuit that exceeded 100 mph in 25-35 mph speed limit areas).  Police aborted pursuit for safety reasons. Two years prior, in July 2013, Mr. Butov suffered a motorcycle accident after a short pursuit by police ended in Defendant crashing his bike.  *Id.* at 8.

Mr. Butov acknowledges the seriousness of his prior convictions but contends he is "in a very different position mentally and emotionally than he was in the past."  Dkt. #35 at 26.  The Court does not discount Mr. Butov's efforts to engage in programming and treatment and acknowledges his commitment to changing his lifestyle.  Nevertheless, his recent disciplinary violations undermine any assurance that he may be safely released into the community at this time. These violations include possession of needles on May 21, 2019 and an attempt to have suboxone sent to prison on October 11, 2019.  Dkt. #35-1 at 2, 3.  Most recently, on April 9, 2020, Mr. Butov was sanctioned for drug possession.  *Id.* at 2.  Although Defendant attempts to draw a distinction between his drug-related violations and "violent" disciplinary violations such as altercations,

threatening behavior, and possession of weapons, *see* Dkt. #35 at 28, a common thread throughout Mr. Butov's criminal history has been his inability to stay away from drugs.  His drug-related violations while in prison raise serious concern about his ability to remain sober if released at this time—a concern that is magnified by limitations on support and supervision from U.S. Probation and services for mental health and chemical dependency during the COVID-19 pandemic.

Based on the nature and circumstances of the 2016 conviction, a review of Mr. Butov's criminal history, and his recent disciplinary violations in prison, the Court cannot find that Mr. Butov poses no danger to others or to the community at this time.  The Court is not persuaded that the factors referenced in Defendant's motion, such as his prison record or his release plan, would reasonably mitigate his continuing danger.  On this independent ground, the Court finds denial of release appropriate.

**D. Reduction Consistent with USSG Policy Statement**

Having found that that Mr. Butov has failed to demonstrate extraordinary and compelling reasons or that he poses no danger to others or to the community, the Court need not consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

## IV.    CONCLUSION

For the reasons set forth above, Mr. Butov's motion for compassionate release, Dkt. #35, is DENIED.

IT IS SO ORDERED.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 14

Dated this 6th day of October, 2020

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE